[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
CT Page 93
The defendants move to dismiss the Application to Discharge Mechanic's Lien filed by Saint Francis Hospital and Gilbane Building Company on the grounds that the statute under which the action is brought, C.G.S. § 49-51, is inapplicable to the discharge of a mechanic's lien. They contend that the sole remedy of the plaintiffs is to move under C.G.S. § 49-35a for discharge or reduction of the lien, and that the court therefore does not have jurisdiction over this matter.
Saint Francis Hospital is the owner of real estate located in Hartford, Connecticut. Gilbane was the Hospital's construction manager for its construction project. The defendants B T Contractors on August 13, 1996 and Nobel Insurance Company on August 14, 1996 each filed mechanic's liens on the property involved in the construction project. On August 22, 1996, Gilbane requested in writing, and by certified mail, return receipt requested, that the liens be discharged. When the defendants failed to release the liens the instant application was filed.
The defendants cite Roundhouse Construction Corp. v. TelesecoMasons Supplies Co., 168 Conn. 371 (1975) as authority for the proposition that Section 49-35a is the exclusive vehicle for the discharge of a mechanic's lien.
This court does not read Sections 49-35 (a)(b) and (c) as preempting Section 49-51 in the matter of mechanics' liens. The thrust of the Roundhouse decision was that under the accepted standards of procedural due process, Connecticut's statutory mechanic's lien procedure was unconstitutional because of the absence of a provision for a hearing for the property owner at a meaningful time and in a meaningful manner.
Legislation passed in 1975 put in place Sections 49-35 (a) (b) and (c) which addressed that gap. However, Section 49-51
remained unchanged and is compatible with the legislated hearing provisions of Sections 49-35 (a)(b) and (c), thus permitting an action to be brought pursuant to Section 49-51 and including as part of that action an application for a hearing.
Accordingly, this court holds that there is subject matter jurisdiction to proceed with a hearing and denies the motion to dismiss.
Mary Hennessey, J. CT Page 94